**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSHUA BRIAN RANDOLPH,**

        **Plaintiff,**

**v.**                                     **Case No:  8:09-CV-2066-T-33AEP**

**BRANDON WHITE and WITHOUT**
**WALLS INTERNATIONAL CHURCH,**

        **Defendants.**

_____/

**ORDER**

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1), and Affidavit of Indigency (Dkt. No. 7), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*.[1]

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).

---

[1]  The Court also notes that Plaintiff filed additional documents on October 22, 2009, to supplement his Complaint.  (Dkt. No. 2.)

However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

As an initial matter, notwithstanding his *pro se* status, Plaintiff must "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Plaintiff fails to adhere to several requirements for filing a complaint. First, Plaintiff fails to comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a short and plain statement of the grounds for the court's jurisdiction." Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Second, Plaintiff fails to comply with Rule 10 of the Federal Rules of Civil Procedure which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A. **Failure to State a Claim**

With respect to the substance of the Complaint, Plaintiff's allegations are set forth in an awkward, disjointed, and incoherent manner. The Complaint appears to be founded on alleged racial discrimination by Defendants White and Without Walls International Church. Plaintiff alleges he received multiple emails containing racial slurs from Defendant White while he was in the employ of the Church. (Dkt. No. 1.) Although the Complaint refers to

2

Title VII of the Federal Civil Right Act, (Dkt. No. 1 pp. 1), the Court is not satisfied that a factual basis has been established to support a cause of action under Title VII.

To the extent that Plaintiff's claims are to be construed as a claim for hostile environment racial harassment under Title VII, Plaintiff must show: (1) that he or she belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment was based on his race; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) ( en banc ) (setting forth elements of a sexual harassment claim which equally apply to claims based on race).  Four factors considered in determining whether harassment objectively altered an employee's terms or conditions of employment include: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* at 1246.  Generally, the "mere utterance of an . . . epithet which engenders offensive feelings in an employee does not sufficiently implicate Title VII." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993); *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971); *Gullatte v. Westpoint Stevens, Inc.*, 100 F. Supp. 2d 1315, 1322 (M.D. Ala. 2000).[2]

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

With respect to the facts alleged by Plaintiff, although the Complaint states that Plaintiff's hotel bill was not paid after the Church was notified about the racist emails, (Dkt. No. 1 pp. 1-2), it is not apparent to the Court from the Complaint that Plaintiff was terminated from his employment on the basis of his race, or if he was terminated at all for that matter. Nor is it apparent from the Complaint whether Defendant White is an employee of the Church, or if he was acting on behalf of the Church or in his personal capacity. Due to the lack of factual allegations surrounding the events described by Plaintiff in his Complaint, the Court finds that at this juncture Plaintiff has failed to state a claim upon which relief may be granted. Finally, Plaintiff inexplicably cites to Pennsylvania's Human Relations Act, 43 PA. STAT. ANN. § 951, which would be inapplicable to acts by a Florida employer that also occurred in Florida. In any event, this Act does not provide a basis for this Court's jurisdiction.

Most importantly, Plaintiff has failed to properly allege whether he has exhausted his administrative remedies as required under Title VII of the Civil Rights Act. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (stating that before a plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies, the first step being "filing a timely charge of discrimination with the EEOC"). Thus, should Plaintiff file an amended complaint, he is advised to allege whether he has first exhausted his administrative remedies.

4

B.    **Affidavit of Indigency**

The Court additionally notes that Plaintiff has not submitted a complete Affidavit of Indigency.  Plaintiff states in Question 2 that he was last employed as of October 15, 2009, but does not provide information on his wages or salary or employer information as requested by that question.  (*See* Dkt. No. 7 pp. 1.)  Additionally, Question 3 of the Affidavit asks whether Plaintiff received any compensation during the twelve months preceding the application.  (*Id.*)  Given that Plaintiff claims to have been employed in the last twelve months (presumably for pay), Plaintiff should clarify his answer to that question in refiling an Affidavit of Indigency should he file an amended complaint.

The Court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.  *See GJR Invs., Inc.*, 132 F.3d at 1369 (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").  Accordingly, after due consideration, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 7) be **TAKEN UNDER ADVISEMENT**.  Plaintiff shall have the opportunity to file an amended complaint properly setting forth a cause of action, along with a fully complete Affidavit of Indigency.  Should Plaintiff decide he is able to file an amended complaint, Plaintiff shall do so no later than the close of business **February 19, 2010**.  If

Plaintiff fails to file an amended complaint by **February 19, 2010**, the undersigned recommends to the District Judge that this case be dismissed with prejudice.

   **DONE AND ORDERED** at Tampa, Florida, this 1st day of February, 2010.

          _____

          ANTHONY E. PORCELLI
          United States Magistrate Judge

Copies furnished to:

Plaintiff, *pro se*
Counsel of Record